IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| RALPH S. JANVEY, IN HIS CAPACITY AS COURT-APPOINTED RECEIVER FOR THE STANFORD INTERNATIONAL BANK, LTD., ET AL<br>*Plaintiff,*<br><br>v.<br><br>LUIS GIUSTI AND CENTER FOR STRATEGIC AND INTERNATIONAL STUDIES, INC.<br>*Defendant.* | § § § § § § § § § § § § § § | Case No. 03:11-CV-00292-N |

## DEFENDANT LUIS GIUSTI'S MEMORANDUM IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT

Defendant Luis Giusti files this Motion for Summary Judgment and Memorandum in Support requesting that the Court enter judgment in favor of Defendant against Plaintiff, Ralph Janvey, in his capacity as Court-Appointed Receiver for the Stanford International Bank, Ltd., et.al. and Plaintiff, Official Stanford Investors Committee based on §24.010(a)(1) of the Texas Uniform Fraudulent Transfer Act ("TUFTA")[1].

### A. Introduction

Plaintiffs are Ralph Janvey, in his capacity as Court-Appointed Receiver for

---

[1] As an initial matter, Defendant does not believe that Texas law applies to this matter. The consulting contract between Stanford Financial Group and Defendant had a choice of law provision stating that the laws of Antigua would apply. However, for purposes of this Motion for Summary Judgment, Defendant addresses Plaintiffs' assertion that Texas law controls the claims filed against Defendant.

the Stanford International Bank, Ltd., et.al. and Plaintiff, Official Stanford Investors Committee.

Defendant is Luis Giusti. Beginning in 2001, Mr. Giusti had a contract with Stanford Financial Group Limited ("SGFL") and its affiliated companies to provide consulting services.

According to data in KVT-12 attached to the Declaration of Karyl Van Tassel, one of the Plaintiff's witnesses, from 2001 through December 2008, Mr. Giusti received $1,307,655.82 from SFGL and $199,999.65 from Stanford Financial Group Global Management as compensation for consulting services rendered. A copy of KVT-12 is attached to this Motion as Exhibit "A".

Plaintiffs filed a Supplemental Declaration for Ms. Van Tassel in which she identified additional payments made by Stanford Financial Group to Mr. Giusti for services rendered between 2001 and 2002, which would have totaled $186,666.72. A copy of the Supplemental Declaration of Karyl Van Tassel is attached to this Motion as Exhibit "B". She further identified an additional payment in 2003 of $7,660.00, increasing the total paid for that calendar year.

Plaintiffs sued Defendant to recover the $1,752,259.38 paid to Defendant from the Stanford Parties alleging that the payments were fraudulent transfers under TUFTA.

### B. Argument

**A.   Plaintiffs actual intent fraudulent transfer claims under TUFTA are time barred as a matter of law for transfers prior to February 15, 2007**

2

TUFTA Section 24.010, entitled " Extinguishment Of Cause Of Action," states that "a cause of action with respect to a fraudulent transfer or obligation under this chapter is extinguished unless action is brought ... within four years after the transfer was made or the obligation was incurred or, if later, within one year after the transfer or obligation was or could reasonably have been discovered by the claimant."

In *Nathan v. Whittington*, 408 S.W.3d 870 (Tex. 2013), the Texas Supreme Court addressed whether this section was a statute of limitations or a statute of repose. This distinction is important in guiding the Court on how to apply the statute to the date the claims must be filed. "[W]hile statutes of limitations operate procedurally to bar the enforcement of a right, a statute of repose takes away the right altogether, creating a substantive right to be free of liability after a specified time." *Methodist Healthcare Sys. of San Antonio, Ltd., v. Rankin*, 307 S.W.3d 283, 287 (Tex.2010) (quoting *Galbraith Eng'g Consultants, Inc. v. Pochucha*, 290 S.W.3d 863, 866 (Tex.2009)). Statutes of repose are of an " absolute nature," and their " key purpose ... is to eliminate uncertainties under the related statute of limitations and to create a final deadline for filing suit that is not subject to any exceptions, except perhaps those clear exceptions in the statute itself." Id. at 286-87. Unlike statutes of limitations, which are intended primarily to encourage diligence on the part of plaintiffs, statutes of repose may serve other purposes and may run from some event other than when the cause of action accrued. See *Nelson v. Krusen*, 678 S.W.2d 918, 926 (Tex.1984) (Robertson, J., concurring).

The Texas Supreme Court held unequivocally that this Section was a statute of

repose and not a statute of limitations. *Nathan,* 408 S.W.3d 870, 874. Therefore, the failure to file the claims within four years of the date of the transfer would extinguish the right to pursue the claims.

Plaintiffs commenced this action on February 15, 2011. As a result, the statute of repose operates to bar any claims for transfers prior to February 15, 2007. Accordingly, any payments made to Mr. Giusti prior to that date are time barred.

Clearly, the payments provided to Mr. Giusti outlined in the Supplemental Declaration all fall outside the transfer date. Therefore, the Plaintiffs are not entitled to any recovery for the payments made by Stanford Financial Group to Mr. Giusti for services rendered between 2001 and 2002, which would have totaled $186,666.72, nor are they allowed to recover the additional payment in 2003 of $7,660.00.

Reviewing KVT-12, Exhibit "A" to this Motion, the Plaintiffs cannot recover payments made to Mr. Giusti for Stanford Financial Group from January 7, 2003 through February 8, 2007, and payments from Stanford International Bank from July 6, 2004 to January 7, 2007.

The discovery rule contained in the statute only extends the claims for one year from the date the transfers could have been reasonably discovered by the Plaintiffs. This Court appointed Janvey as Receiver on February 17, 2009. Because this matter was filed on February 15, 2011, Janvey had until February 15, 2010 to discover the payments to Defendant, almost exactly a year after his appointment. There is simply nothing in the record to suggest that Janvey could not have discovered that Defendant received monies from the Stanford Parties. The transfers were contained in the

records from which Ms. Van Tassel put together KVT-12 and were not hidden or difficult to detect. They were payments for the consulting services provided and paid directly to Defendant. As such, Plaintiffs cannot rely on the one year discovery rule contained in TUFTA to extend the time to file their action.

Defendant anticipates that Plaintiffs will attempt to argue that an equitable discovery rule applies to the transfers to allow the Plaintiffs to go back further. However, the discovery rule does not apply in Texas to statutes of repose. In *Methodist Healthcare Sys. of San Antonio, Ltd., v. Rankin*, 307 S.W.3d 283 (Tex.2010), the Texas Supreme Court addressed whether the discovery rule could be applied to statutes of repose. In holding that the discovery rule did not apply, the Court wrote:

> A statute of repose, by design, creates a right to repose precisely where the applicable statute of limitations would be tolled or deferred. More to the point, a statute of repose serves no purpose unless it has this effect. To hold that a statute of repose must yield to the plaintiff's inability to discover her injury would treat a statute of repose like a statute of limitations, and would effectively repeal this and all other statutes of repose. To quote our recent discussion in *Galbraith Engineering Consultants, Inc. v. Pochucha*:
> Such a construction would defeat the recognized purpose for statutes of repose, ... unaffected by rules of discovery or accrual. As already observed, statutes of repose create a substantive right to be free from liability after a legislatively determined period. In contrast, statutes of limitations are

procedural devices operating as a defense to limit the remedy available from an existing cause of action. A statute of repose thus represents the Legislature's considered judgment as to the inadequacy of the traditional statutes of limitations for some types of claims.

As such, the Plaintiffs cannot attempt to back more than four years from the date that they filed the Original Complaint against Mr. Giusti.

**B.   Because there was an express contract between the parties, Plaintiffs claims for unjust enrichment are not valid.**

Plaintiffs have also sued the Defendant for unjust enrichment. First, Defendants note that unjust enrichment is not a distinct independent cause of action but simply a theory of recovery. *Amoco Prod. Co. v. Smith*, 946 S.W.2d 162, 164 (Tex.App.--El Paso 1997, no writ); *Oxford Fin. Co., Inc. v. Velez*, 807 S.W.2d 460, 465 (Tex.App.--Austin 1991, writ denied); *City of Corpus Christi v. Heldenfels Brothers, Inc.*, 802 S.W.2d 35, 40 (Tex.App.--Corpus Christi 1990), aff'd, 832 S.W.2d 39 (Tex.1992). It can be applied where there is a failure to make restitution of benefits received under circumstances which give rise to an implied or quasi-contractual obligation to repay, that is, where a benefit was wrongfully secured or passively received which would be unconscionable for the receiving party to retain. *Oxford*, 807 S.W.2d at 465; *Heldenfels*, 802 S.W.2d at 40. The unjust enrichment doctrine applies the principles of restitution to disputes where there is no actual contract, *Amoco*, 946 S.W.2d at 164, and is based on the equitable principle that one who receives benefits which would be unjust for him to retain ought to make restitution. *Bransom v.*

6

*Standard Hardware*, 874 S.W.2d 919, 927 (Tex.App.--Fort Worth 1994, writ denied).

Further, when a valid, express contract covers the subject matter of the parties' dispute, there can be no recovery under a quasi- contract or unjust enrichment theory. *Fortune Prod. Co. v. Conoco, Inc.*, 52 S.W.3d 671, 684 (Tex. 2000); *Excess Underwriters at Lloyd's v. Frank's Casing Crew Rental Tools, Inc.*, 246 S.W.3d 42, 50 (Tex. 2008). The rationale behind this rule is that parties should be bound by their express agreements and that recovery under an equitable theory is generally inconsistent with the express agreement when a valid agreement already addresses the matter. See *id*.

Attached to this Motion are the 2001 Consulting Agreement executed by the parties, Exhibit "C" and the 2006 Amendment to the Consulting Agreement executed by the parties, Exhibit "D". The payments received by Mr. Giusti from the Stanford Financial Group, Stanford Financial Group Global Management and Stanford Group Company identified in KVT-12 were all paid pursuant to his Consulting Agreement. There is an express contract for consulting services in place with respect to these payments. Likewise, the payments from Stanford International Bank, Ltd. were from a CD that Mr. Giusti purchased from SIB. They, too, are governed by an express contract and cannot, therefore, be subject to claims for unjust enrichment.

Based on the fact that all of the payments made to Mr. Giusti were the result of valid contracts, the Plaintiffs' claims for unjust enrichment fail as a matter of law.

C.  **Plaintiffs' claims for unjust enrichment are time barred as a matter of law.**

Unjust enrichment claims are governed by the two-year statute of limitations in

section 16.003 of the Civil Practice and Remedies Code. *Elledge v. Friberg-Cooper Water Supply Corp.*, 240 S.W.3d 869 (Tex. 2007). As Plaintiffs' claims for unjust enrichment do not constitute an actual cause of action, it is necessary to review what the Plaintiffs have alleged. The Original Complaint states "[t]he Giusti Defendants have been unjustly enriched by their receipt of CD proceeds from the Stanford Parties" without further explanation.

Defendant likens the case, therefore to a claim for "money had and received". Money had and received is an equitable doctrine designed to prevent unjust enrichment. *Merry Homes, Inc. v. Luc Dao*, 359 S.W.3d 881, 883 (Tex.App.-Houston [14 Dist.] 2012); *London v. London*, 192 S.W.3d 6, 13 (Tex.App.-Houston [14th Dist.] 2005, pet. denied). This cause of action arises when a party obtains money that, in equity and good conscience, belongs to another. *Hunt v. Baldwin*, 68 S.W.3d 117, 132 (Tex.App.-Houston [14th Dist.] 2001, no pet.). A claim for money had and received is not based on wrongdoing; rather, the only question is whether the defendant holds money that, in equity and good conscience, belongs to another. See *London*, 192 S.W.3d at 13. In this case, the Plaintiffs allege solely that "[Giusti] received funds that in equity and good conscience belong to the Receivership Estate for ultimate distribution to the defrauded investors."

The statute of limitation for a claim for money had and received is two years, and the cause of action accrues when the money is received. *Merry Homes, Inc. v. Luc Dao*, 359 S.W.3d 884.

The Plaintiffs filed this Complaint on February 15, 2011. Plaintiffs alleged

that Accordingly, Plaintiffs claims for unjust enrichment are only timely if they were for monies received prior to February 15, 2009. None of the monies received by Mr. Giusti were received after February 15, 2009. Accordingly, all of the payments alleged in KVT-12, Exhibit "A" and the Supplemental Declaration, Exhibit "B" were received well before February 15, 2009.

Defendant anticipates that the Plaintiffs will argue that the discovery rule applies. However, the Plaintiffs did not plead the applicability of the discovery rule with respect to Count II, Unjust Enrichment. It is only raised with respect to the statutory claims against Mr. Giusti. As they have failed to plead the discovery rule with respect to this cause of action, Defendant need not address its applicability.

### C. Conclusion

For these reasons, Defendant Luis Giusti asks the Court grant a summary judgment in favor of the Defendant with respect to the unjust enrichment claims because they are governed by contract and barred by statute of limitations. Defendant further asks the Court to enter summary judgment on the claims for fraudulent transfers under TUFTA with respect to all payments made prior to February 15, 2007 pursuant to the applicable statute of repose.

Respectfully submitted,

STANLEY, FRANK & ROSE, L.L.P.

_____
Michael J. Stanley
State Bar No. 19046600
Federal Bar I.D. 13283

mstanley@stanleylaw.com<br>
7026 Old Katy Road, Suite 259<br>
Houston, Texas 77024<br>
Telephone: 713-980-4381<br>
Facsimile: 713-980-1179

**ATTORNEY FOR DEFENDANT**

## CERTIFICATE OF SERVICE

I hereby certify that pursuant to the Federal Rules of Civil Procedure a true and correct copy of the above and foregoing document was served via ECF on counsel of record on this the 10th day of March 2014.

/s/ *Michael J. Stanley*
Michael J. Stanley