**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>                       Plaintiff,<br><br>v.<br><br>STANFORD INTERNATIONAL BANK, LTD, *et al.*,<br><br>                       Defendants. | Civil Action No. 3:09-cv-00298-N |
| RALPH S. JANVEY, in his capacity as Court-appointed receiver for the Stanford Receivership Estate; the OFFICIAL STANFORD INVESTORS COMMITTEE; PAM REED; SAMUEL TROICE; and MICHOACAN TRUST; individually and on behalf of a class of all others similarly situated,<br><br>                       Plaintiffs,<br><br>v.<br><br>GREENBERG TRAURIG, LLP; HUNTON & WILLIAMS, LLP; AND YOLANDA SUAREZ,<br><br>                       Defendants. | Civil Action No. 3:12-cv-04641-N |

## NOTICE OF SETTLEMENT AND BAR ORDER PROCEEDINGS

PLEASE TAKE NOTICE that Ralph S. Janvey, in his capacity as the Court-appointed Receiver for the Stanford Receivership Estate (the "Receiver") and the Official Stanford Investors Committee (the "Committee") (the Receiver and the Committee, collectively, the "Plaintiffs"), have reached an agreement (the "Settlement Agreement") to settle all claims asserted or that could

have been asserted against Greenberg Traurig, P.A. and Greenberg Traurig, LLP (individually and collectively, "Greenberg") in *Janvey v. Greenberg Traurig LLP et al.*, No. 3:12-cv-04641-N (N.D. Tex.) (the "Litigation").

PLEASE TAKE FURTHER NOTICE that the Plaintiffs have filed an Expedited Request for Entry of Scheduling Order and Motion to Approve Proposed Settlement with Greenberg, to Approve the Proposed Notice of Settlement with Greenberg, to Enter the Bar Order, to Enter the Rule 54(b) Final Judgment and Bar Order, and for Plaintiffs' Attorneys' Fees (the "Motion"), filed in *SEC v. Stanford Int'l Bank, Ltd.*, No. 3:09-cv-0298-N (N.D. Tex.) (the "SEC Action").   Copies of the Settlement Agreement, the Motion, and other supporting papers may be obtained from the Court's docket in the SEC Action (ECF No. 2917), and are also available on the websites of the Receiver (http://www.stanfordfinancialreceivership.com) and the Examiner (www.lpf-law.com/examiner-stanford-financial-group/).  Copies of these documents may also be requested by email, by sending the request to Nadine Ramon at legalassistant@casnlaw.com; or by telephone, by calling (210) 630-4200.   All capitalized terms not defined in this Notice of Settlement and Bar Order Proceedings are defined in the Settlement Agreement, attached as Exhibit 1 of the Appendix to the Motion.

PLEASE TAKE FURTHER NOTICE that the Motion requests that the Court approve the Settlement and enter a bar order permanently enjoining, among others, Interested Parties,[1]

---

[1]   "Interested Parties" means the Receiver; the Receivership Estate; the Committee; the members of the Committee; the Plaintiffs; the Investor Plaintiffs; the Stanford Investors; the Claimants; the Examiner; or any Person or Persons alleged by the Receiver, the Committee, or other Person or entity on behalf of the Receivership Estate to be liable to the Receivership Estate, whether or not a formal proceeding has been initiated.

including Stanford Investors,[2] Investor Plaintiffs,[3] Claimants,[4] and Joint Liquidators[5] from

pursuing Settled Claims,[6] including claims you may possess, against Greenberg.

PLEASE TAKE FURTHER NOTICE that the settlement amount is sixty-five million U.S.

dollars ($65,000,000.00) (the "Settlement Amount").  The Settlement Amount, less any fees and

costs awarded by the Court to the attorneys for Plaintiffs and expenses paid by the Receiver (the

"Net Settlement Amount"), will be deposited with and distributed by the Receiver pursuant to a

Distribution Plan hereafter to be approved by the Court in the SEC Action (*see* subparagraph e

below).

**This matter may affect your rights and you may wish to consult an attorney.**

The material terms of the Settlement Agreement are as follows:

---

[2]   "Stanford Investors" means customers of Stanford International Bank, Ltd., who, as of February 16, 2009, had funds on deposit at Stanford International Bank, Ltd., and/or were holding certificates of deposit issued by Stanford International Bank, Ltd.

[3]   "Investor Plaintiffs" means Samuel Troice, Michoacan Trust, Sandra Dorrell, Pam Reed, and the putative class they sought to represent.

[4]   "Claimants" means any Persons who have submitted a Claim to the Receiver or to the Joint Liquidators.

[5]   "Joint Liquidators" means Hugh Dickson and Mark McDonald, in their capacities as the joint liquidators appointed by the Eastern Caribbean Supreme Court in Antigua and Barbuda to take control of and manage the affairs and assets of SIB or any of their successors or predecessors.

[6]   "Settled Claim" generally means any action, cause of action, suit, liability, claim, right of action, right of levy or attachment, or demand whatsoever, whether or not currently asserted, known, suspected, existing, or discoverable, and whether based on federal law, state law, foreign law, common law, or otherwise, and whether based on contract, tort, statute, law, equity or otherwise, that a Releasor ever had, now has, or hereafter can, shall, or may have, directly, representatively, derivatively, or in any other capacity, for, upon, arising from, relating to, or by reason of any matter, cause, or thing whatsoever, that, in full or in part, concerns, relates to, arises out of, or is in any manner connected with (i) the Stanford Entities; (ii) any CD, depository account, or investment of any type with any one or more of the Stanford Entities; (iii) Greenberg's relationship with any one or more of the Stanford Entities and/or any of their personnel; (iv) Greenberg's provision of services to or for the benefit of or on behalf of the Stanford Entities; or (v) any matter that was asserted in, could have been asserted in, or relates to the subject matter of the SEC Action, the Litigation, or any proceeding concerning the Stanford Entities pending or commenced in any Forum.  "Settled Claims" specifically includes, without limitation, all claims each Releasor does not know or suspect to exist in his, her, or its favor at the time of release, which, if known by that Person, might have affected their decisions with respect to this Agreement and the Settlement ("Unknown Claims"). *See* Paragraph 17 of the Settlement Agreement for a complete definition of Settled Claim.  (ECF No. 2918.)

    a)   Greenberg will pay $65 million, which will be deposited with the Receiver as required pursuant to the Settlement Agreement;

    b)   Plaintiffs will fully release the Greenberg Released Parties[7] from Settled Claims, *e.g.*, claims arising from or relating to Robert Allen Stanford, the Stanford Entities,[8] or any conduct by the Greenberg Released Parties relating to Robert Allen Stanford or the Stanford Entities, with prejudice;

    c)   The Settlement Agreement seeks entry of a Rule 54(b) Final Judgment and Bar Order in the Litigation, and entry of a Final Bar Order in the SEC Action, each of which permanently enjoins, among others, Interested Parties, including all Stanford Investors, Investor Plaintiffs, and Claimants, from bringing, encouraging, assisting, continuing, or prosecuting, against Greenberg or any of the Greenberg Released Parties, the Litigation, or any action, lawsuit, cause of action, claim, investigation, demand, complaint, or proceeding of any nature, including, without limitation, contribution or indemnity claims, arising from or relating to a Settled Claim;

---

[7]    "<u>Greenberg Released Parties</u>" generally means Greenberg Traurig, LLP, Greenberg Traurig, P.A., and all of their predecessor firms and, of each of the foregoing, all of their respective past and present subsidiaries, parents, predecessors, affiliates, related entities and divisions, and all of their respective past, present, and future successors, and all of their respective current and former partners, members, counsel, principals, participating principals, associates, managing or other agents, management personnel, officers, directors, shareholders, administrators, servants, employees, staff, consultants, advisors, attorneys, accountants, lenders, insurers and reinsurers, representatives, successors and assigns, known or unknown, in their representative capacity or individual capacity. *See* Paragraph 3 of the Settlement Agreement for a complete definition of Greenberg Released Parties. (ECF No. 2918.)

[8]    "<u>Stanford Entities</u>" means Robert Allen Stanford; James M. Davis; Laura Pendergest-Holt; Gilbert Lopez; Mark Kuhrt; SIB; Stanford Group Company; Stanford Capital Management, LLC; Stanford Financial Group; the Stanford Financial Bldg Inc.; the entities listed in Exhibit D to the Settlement Agreement (ECF No. 2918); and any entity of any type that was owned, controlled by, or affiliated with Robert Allen Stanford, James M. Davis, Laura Pendergest-Holt, Gilbert Lopez, Mark Kuhrt, SIB, Stanford Group Company, Stanford Capital Management, LLC, Stanford Financial Group, or the Stanford Financial Bldg Inc., on or before February 16, 2009.

d) The Receiver will disseminate notice of the Settlement Agreement (i.e. this Notice) to Interested Parties, through one or more of the following: mail, email, international delivery, CM/ECF notification, facsimile transmission, and/or publication on the websites maintained by the Examiner (www.lpf-law.com/examiner-stanford-financial-group/) and the Receiver (http://www.stanfordfinancialreceivership.com);

e) The Receiver will develop and submit to the Court for approval a plan for distributing the Net Settlement Amount (the "Distribution Plan");

f) Under the Distribution Plan, once approved, the Net Settlement Amount will be distributed by the Receiver, under the supervision of the Court, to Stanford Investors who have submitted Claims that have been allowed by the Receiver;

g) Persons who accept funds from the Settlement Amount will, upon accepting the funds, fully release the Greenberg Released Parties from any and all Settled Claims; and

h) The Litigation will be dismissed with prejudice as to Greenberg, with each party bearing its own costs and attorneys' fees.

Attorneys for the Plaintiffs seek a fee award based upon 25% of the Settlement Amount, pursuant to 25% contingency fee agreements with the Plaintiffs. Twenty-Five percent of the net recovery from the Settlement is to be calculated but shall not exceed $15,896,235.75.

The final hearing on the Motion is set for February 21, 2020 at 10:30 a.m. (the "Final Approval Hearing"). Any objection to the Settlement Agreement or its terms, the Motion, the Rule 54(b) Final Judgment and Bar Order, the Final Bar Order, or the request for approval of the Plaintiffs' attorneys' fees must be filed, in writing, with the Court in the SEC Action no later than

January 31, 2020.  Any objections not filed by this date will be deemed waived and will not be considered by the Court.  Those wishing to appear and to orally present their written objections at the Final Approval Hearing must include a request to so appear within their written objections.